**Ex parte Clifford Darrell CARROLL.**

**No. 41576.**

Court of Criminal Appeals of Texas.

Oct. 23, 1968.

Sam Houston Clinton, Jr., Austin, Don Gladden, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Jack Q. Neal and R. H. Hill, Jr., Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

This is a habeas corpus proceeding in which the petitioner attacks, as void, a judgment of conviction in the Criminal District Court No. 2 of Tarrant County, in the year 1965, for the offense of murder, with punishment assessed at death.

Upon an appeal to this court, the judgment was affirmed in an opinion delivered October 4, 1965. Carroll v. State, Tex.Cr. App., 397 S.W.2d 82, certiorari denied, 385 U.S. 903, 87 S.Ct. 212, 17 L.Ed.2d 133.

Subsequent to this court's affirmance of the conviction, petitioner presented to the Honorable J. E. Winters, Judge of the Criminal District Court No. 2 of Tarrant County, his application for writ of habeas corpus, in which he alleged that he was being illegally restrained of his liberty in "'Death Row'" in the Texas Department of Corrections by virtue of such judgment of conviction.

In paragraph 2 of the application, petitioner alleged the following:

"Applicant's conviction is void in that he was affirmatively denied the right to counsel when a confession was elicited

from him that was later admitted in evidence during the course of his trial and in that Applicant was denied due process of law during the course of all proceedings pertaining to his arrest, indictment, trial and conviction and was deprived of right of a fair trial because of widespread publicity attendant to all such proceedings and also because of still and television cameras in the Courtroom and the use of them and taking of both still and television pictures at that time; all in violation of rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and by Article 1, Section 19, of the Constitution of the State of Texas."

Upon presentation of the petition, Judge Winters granted the writ and proceeded to conduct a hearing thereon, with petitioner being present. At the conclusion of the hearing, Judge Winters made his findings of fact and conclusions of law denying to petitioner the relief sought, and certified the proceedings to this court pursuant to the provisions of Art. 11.07, C.C.P.

On October 13, 1967, this court, after considering the petition and proceedings certified, entered its order denying the petition for writ of habeas corpus.

On June 17, 1968, the Supreme Court of the United States, on petition for writ of certiorari to this court, delivered the following opinion:

### "SUPREME COURT OF THE UNITED STATES

"October Term, 1967.

"CARROLL v. TEXAS.

"On Petition for Writ of Certiorari to the Court of Criminal Appeals of Texas.

"No. 1224, Misc. Decided "June 17, 1968.

"Per Curiam.

"The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is reversed. Rideau v. Louisiana, 373 U.S. 723.

"The Chief Justice, Mr. Justice Harlan, Mr. Justice Stewart, and Mr. Justice White are of the opinion that certiorari should be denied." Carroll v. Texas, 392 U.S. 664, 88 S.Ct. 2299, 20 L.Ed.2d 1356.

Mandate was duly issued to this court on the 12th day of July, 1968.

In conformity with the judgment and mandate of the Supreme Court of the United States, we grant petitioner's application for writ of habeas corpus and direct that he be delivered by the proper authorities of the Texas Department of Corrections to the sheriff of Tarrant County to again stand trial on the original indictment for murder, in Cause No. 69270, pending in the Criminal District Court No. 2 of Tarrant County.